```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA


BARBARA A. BUCKLEY,            )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 05-1370
                               )
P.H. TECH. CORP.,              )    Judge Joy Flowers Conti
                               )    Magistrate Judge Amy Reynolds Hay
          Defendant.           )
```

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully submitted that the defendant's Motion to Dismiss (doc. 4) be granted and the complaint be dismissed without prejudice.

### II. REPORT

The plaintiff filed the instant employment discrimination case on September 30, 2005, following receipt of the right to sue letter from the Equal Employment Opportunity Corporation. Also on September 30, 2005, plaintiff asserts that she sent two copies of the complaint and request for waiver of service of summons to defendant's Canadian address.[1] On October 31, 2005, plaintiff asserts that she sent two copies of the complaint and request for waiver of service of summons to defendant's Leetsdale, Pennsylvania address. Plaintiff indicates that she "sent the same of [sic] January 2, 2005 [sic]." When

---

[1] Although not clear, the court assumes that these documents were sent by some type of mail service.

the defendant did not return an executed waiver of service of summons plaintiff obtained a summons on March 16, 2006. No return of service was filed with the court, however, and on April 3, 2006, this court issued an Order for the plaintiff to show cause why the complaint should not be dismissed upon her failure to prosecute. Ten days later, defendant filed a motion to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(5) upon plaintiff's failure to comply with Fed.R.Civ.P. 4(m).

Plaintiff then filed a single response to both the court's Order and defendant's motion to dismiss, asserting that personal service had been effected. She attached a Return of Service that indicated that an individual named Matthew S. Enoch "handed paperwork to Kris Duranko." Mr. Enoch's declaration of service is dated March 28, 2006. The block where the date of service is to be entered is blank. Thus, it is unclear when Mr. Enoch "handed paperwork to Kris Duranko."

The defendant filed a reply, acknowledging that it received the complaint and waiver of service of summons as sent on October 31, 2005, and forwarded these documents to defense counsel on November 4, 2005. As well, the defendant acknowledged that defense counsel thereafter contacted plaintiff's counsel, by leaving a voice mail message, agreeing to accept service on behalf of the defendant and requesting a return phone call.

Defense counsel received no further contact from plaintiff's counsel.

Defendant asserts that the court should dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(5) since plaintiff failed to perfect service with the one hundred and twenty (120) days allowed under the federal rules and has otherwise failed to show good cause for extending that time.

The Federal Rules of Civil Procedure provide:

> **Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m), 28 U.S.C.  This rule requires a court to extend the time for service if good cause is shown and, where not shown, allows the court discretion to dismiss the case or extend the time.  Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d 1298, 1305 (3d Cir. 1995).  Thus, the court must first determine whether good cause for an extension of time exists.  Id.

The primary inquiry in determining whether good cause exists is the reasonableness of the plaintiff's efforts to serve. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086,

1097 (3d Cir. 1995), cert. denied, 519 U.S. 815 (1996).  Here, as previously discussed, plaintiff sent the complaint and request for waiver of service of summons on several occasions but took no further action before the 120-day service period expired.  Several weeks after the service period had expired, having received no return of the waiver of service plaintiff obtained a summons and attempted to personally serve the defendant at the defendant's Leetsdale address.  Plaintiff does not explain why she did not seek an enlargement of time to effect proper service within the 120-day service period, nor why she waited for forty-seven days beyond the expiration of the 120-day service period to obtain a summons and attempt personal service.[2]  In the absence of any explanation, we have little trouble determining that no good cause exists for extending the time for service.  See MCI Telecommunications Corp. v. Teleconcepts, Inc., supra.

      Having found that good cause does not exist, it is within the Court's discretion to decide whether to dismiss the case without prejudice or extend the time for service. Petrucelli v. Bohringer and Ratzinger, GMBH, 46 F.3d at 1305. Defendant argues that it should not be forced to defend against stale claims.  As such, defendants argue that they have been

---

[2] Even if these actions were inadvertent, which is not alleged, it is well settled that the mere inadvertence by counsel does not constitute good cause for purposes of Rule 4(m).  Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987).

4

prejudiced by the delay and because plaintiff failed to make a good faith effort to perfect timely service, the case should be dismissed in its entirety.

Plaintiff counters arguing that service was effected before the court issued its show cause order and asserting that the defendant "has eluded three prior" service attempts and "has consistently ignored process." The facts of record, however, do not support plaintiff's claims in this regard. First, as noted, it is unclear precisely when the process server "handed paperwork" to Kris Duranko at defendant's Leetsdale address. Secondly, no information has been provided regarding Duranko's position with defendant's corporation, <u>i.e.</u>, whether s/he could be viewed as an agent upon whom service could be effected. Moreover, the 120-day period for service had already expired before plaintiff obtained a summons and, thus, it appears she could not have effected proper service in any event.

Additionally, although it may well be that plaintiff mailed the complaint and request for waiver to the defendant on three separate occasions before using a process server, there is no evidence to support her allegations that defendant purposefully eluded or ignored service of process. Although plaintiff may have properly sent the complaint and request for waiver of service of summons, <u>see</u> Fed.R.Civ.P. 4(d)(2), a

defendant is not required to execute a waiver.[3]  Counsel for defendant apprised plaintiff's counsel that he would accept service on defendant's behalf.  Plaintiff does not dispute this fact and offers no explanation for her failure to send a complaint and request for waiver of service of summons or a summons and complaint to defense counsel.

While we are cognizant of the fact, as the Court of Appeals for the Third Circuit has commented, that the Federal Rules are meant to be applied in such a way as to promote justice, thereby suggesting that cases should be resolved on their merits whenever possible, "justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims."  McCurdy v. American Board of Plastic Surgery, 157 F.3d 191, 197 (3d Cir. 1998).  See Fed.R.Civ.P. 1. In our view, by failing within the 120-day period to make any attempt at personal service when no executed waiver was forthcoming or to request an extension of time to perfect service of process, coupled with the absence of any suitable explanation for failing to do so, and by failing to serve defense counsel,

---

[3]  The language of Rule 4(d)(2) provides that "[a]n individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons." Arguably, defense counsel's voice mail message that he would accept service and, thus, relieve plaintiff of the cost of personal service, fulfilled the duty here.

coupled with the absence of any suitable explanation for failing to do so and the prejudice to defendants, plaintiff has failed to demonstrate any basis to justify the exercise of the court's discretion to grant an extension of time to effectuate service.

      The parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

                                    Respectfully submitted,

                                    /s/ Amy Reynolds Hay
                                    AMY REYNOLDS HAY
                                    United States Magistrate Judge

Dated: 5 June, 2006

cc:   Hon. Joy Flowers Conti
      United States District Judge

      Erik M. Yurkovich, Esquire
      207 Pine Creek Road
      Suite 201
      Wexford, PA 15090

      Robert O. Lampl, Esquire
      John P. Lacher, Esquire
      960 Penn Avenue
      Suite 1200
      Pittsburgh, PA 15222